424 So.2d 1114 (1982)
COMMERCIAL UNION INSURANCE COMPANY
v.
Armand V. MELIKYAN, et al.
No. 82 CA 0221.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
David S. Bell, Baton Rouge, for plaintiff-appellee Commercial Union Ins. Co.
Allen R. Boudreaux, Craig Kaster, Baton Rouge, for third party defendant-appellee Don R. Estelle.
Lawrence A. Durant, Baton Rouge, for third party defendant-appellee John A. Melton.
J.J. McKernan, Amy E. Counce, Stephen K. Peters, Baton Rouge, for defendant-plaintiff in reconvention-appellant Arman V. Melikyan.
Before PONDER, SAVOIE and ELLIS, JJ.
PONDER, Judge.
Defendant appealed the dismissal of his reconventional demand for damages for defamation of character by the sustaining of plaintiff's exception of no cause of action.
The issue on appeal is whether defendant's reconventional demand adequately alleges the "publication" element of defamation.
We affirm and remand.
Plaintiff, Commercial Union Insurance Company, sued Armand Melikyan and other indemnitors for losses and expenses incurred as surety on certain performance *1115 bonds covering construction projects. The bonds were issued pursuant to a general application and indemnity agreement executed by defendants.
Armand Melikyan, (hereinafter defendant) reconvened for damages sustained due to defamatory language contained in a memorandum sent by one of plaintiff's employees to another employee. His reconventional demand alleged that the Baton Rouge Claims Manager of Commercial Union Insurance Company sent a memorandum to the home office Claims Manager which stated that defendant was "not trustworthy." The defendant denied that he was "not trustworthy" and stated that he had suffered damage due to the publication of the false statement.
The trial court sustained plaintiff's exception of no cause of action and dismissed defendant's reconventional demand.
Defendant's argument relates to the "publication" element of a defamation action, which does not require that the defamatory statement be published to the general public, but is satisfied by communication to a person other than the one defamed. Lewis v. Baton Rouge Oil & Chemical Workers Union, 387 So.2d 1311 (La.App. 1st Cir. 1980), writ denied, 392 So.2d 693 (La.1980); Toomer v. Breaux, 146 So.2d 723 (La.App. 3rd Cir.1962). Defendant contends that the communication of the defamatory statement by memorandum, from the Baton Rouge Claims Manager to the home office Claims Manager, sufficiently met this requirement.
Commercial Union argues that the acts of the Claims Managers within the scope and limits of their employment, were acts of the corporation itself and no communication to a third person occurred. Commercial Union's argument is supported by cases from other jurisdictions which have held that there can be no publication of an alleged defamatory intracorporate communication, i.e., communication between and among officers and agents of the same corporation in reference to the corporation's business. See Jones v. Golden Spike Corporation, 623 P.2d 970 (Nev.1981), Ellis v. Jewish Hospital of St. Louis, 581 S.W.2d 850, (Mo.App.1979); Jackson v. Douglas County Electric Membership Corporation, 150 Ga.App. 523, 258 S.E.2d 152 (Ga.App.1979); Burney v. Southern Railway Company, 276 Ala. 637, 165 So.2d 726 (1964); Anderson v. Southern Ry. Co., 224 So.C. 65, 77 S.E.2d 350 (1953); Magnolia Petroleum Co. v. Davidson, 194 Okl. 115, 148 P.2d 468 (1944). We find that their argument has merit.
An intra-corporate communication, among officers or agents of the same corporation, and in relation to their duties for the corporation, is merely a communication of the corporation itself. It cannot be construed as being a communication to a third party.[1]
This position is supported by Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980), in which the Supreme Court found that statements made by and in the presence of other supervisory personnel, to an employee concerning an altered check, did not constitute publication, since the supervisory personnel were essential to the investigation. We interpret this case to mean that statements between employees, made within the course and scope of their employment, are not statements communicated or publicized to third persons.
The reconventional demand alleges that the memorandum was sent from one claims manager to another. It does not allege that the memorandum was not within the course and scope of the claims managers' employment. We find that defendant's reconventional demand fails to state the publication element of defamation.
*1116 It is possible that the grounds of the peremptory exception may be removed by amendment; therefore, we remand to allow the defendant fifteen days to amend his reconventional demand, if he can do so. La.Code of Civil Procedure Art. 934.[2]
For the above reasons, the trial court judgment sustaining the peremptory exception of no cause of action is affirmed. We remand, however, to give defendant, Armand Melikyan, fifteen days from the date this decision becomes final to amend his petition to correct the deficiency giving rise to the exception. Costs of this appeal are to be paid by the defendant. All other costs are to await final resolution of the case.
AFFIRMED AND REMANDED.
NOTES
[1] Some authorities contend that such an approach confuses publication with privilege. See W.L. Prosser, The Law of Torts, § 113 (4th ed., 1971). Willis v. Demopolis Nursing Home, Inc., 336 So.2d 1117 (Ala.1976). Benson v. Hall, 339 So.2d 570 (Miss.1976). However, we choose to follow the approach we find indicated in Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980).
[2] La.Code of Civil Procedure Article 934

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.