**Evelyn L. MARSHALL**

v.

**CIRCLE K CORPORATION.**

**Civ. A. No. 87–1065–B.**

United States District Court,
M.D. Louisiana.

June 22, 1989.

**1342**

Dan M. Scheuermann, Baton Rouge, La., for plaintiff.

William R. D'Armond, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendant.

1. It should be noted that on August 5, 1986, the plaintiff received a written reprimand for failure to control inventory; on or about September 1, 1986, the plaintiff was demoted from Store Manager to Assistant Store Manager due to inventory shortages; and, on November 12, 1986, the plaintiff was given a written reprimand for low shift sales.

## OPINION

POLOZOLA, District Judge.

Evelyn Marshall was hired by Circle K Corporation on April 1, 1986. On November 25, 1986, plaintiff's employment was terminated for an alleged violation of company policy.[1] Plaintiff then filed suit contending that her termination constituted breach of contract. She also asserted claims of intentional infliction of emotional distress, defamation, negligent misrepresentation, and equitable estoppel. The defendant has now filed a motion for summary judgment contending that plaintiff's employment was terminable at will under Louisiana law.

### I. Breach of Contract Claim

Plaintiff contends that she is entitled to damages because the termination of her employment was in breach of her employment contract with Circle K. Louisiana law is clear on this subject. In *Brannan v. Wyeth Laboratories, Inc.,* 526 So.2d 1101, 1103 (La.1988), *reh'd denied,* Sept. 8, 1988, the Louisiana Supreme Court stated that "[t]here is a consistent line of jurisprudence in this state holding that an employment contract for life or for an indefinite term is terminable at the will of either party." The court elaborated on the reasons behind the law, as follows:

> An employee is never presumed to engage his services permanently, thereby cutting himself off from all chances of improving his condition; indeed, in this land of opportunity it would be against public policy and the spirit of our institutions that any man should thus handicap himself; and the law will presume almost juris et de jure that he did not so intend. And if the contract of employment be not binding on the employee for the whole term of such employment, then it cannot be binding upon the employer; there would be lack of "mutuality." *Id.* at 1104, *quoting Pitcher v. United Oil and*

*Gas Syndicate*, 174 La. 66, 139 So. 760, 761 (1932).

In *Cross v. Shell*, 711 F.Supp. 302 (M.D.La. 1988), affirmed 871 F.2d 118 (1989) this Court held that "a contract of employment is terminable at will unless it is for a definite term. Absent a contract for a fixed period of time, an employee is terminable at will, at any time, for any cause, or for no cause."

■ The plaintiff never alleged that she was hired for a fixed period of time, nor did she present any evidence to that effect. Thus, under Louisiana law, the plaintiff's employment was terminable at will, and she is not entitled to damages for termination of her employment.

## II. Claim for Intentional Infliction of Emotional Distress

■ The plaintiff also contends that Circle K is liable for intentional infliction of emotional distress by terminating her employment. A similar issue was addressed in *Steadman v. South Central Bell Telephone Co.*, 362 So.2d 1144 (La.App. 2d Cir. 1978), *reh'g en banc denied*, Oct. 11, 1978. In *Steadman*, plaintiff claimed that her employer's discontinuance of disability benefits caused severe mental distress. The court denied recovery stating:

The facts as alleged in plaintiffs' petition do not, as a matter of law, warrant a finding of an intent to cause emotional distress ... under ... C.C. Art. 2315. The facts as alleged do not show that defendant acted in an atrocious, outrageous, or utterly intolerable manner. Further, even conceding such actions as outrageous, these acts would be privileged as a matter of law under these particular circumstances, as defendant did no more than to assert its legal rights ... in a permissible way. *Id.* at 1146.

Similarly, this Court finds that plaintiff has failed to produce any evidence to show that the defendant acted in an outrageous manner. Furthermore, Circle K had a legal right to terminate plaintiff's employment under Louisiana law. Thus, plaintiff's claim for intentional infliction of emotional distress is without merit.

## III. Defamation Claim

■ The plaintiff also alleges that Circle K's decision to discharge her for violating company policy constitutes defamation. Under Louisiana law, a plaintiff suing for defamation must show the following: (1) defamatory words; (2) publication; (3) falsity; (4) actual or implied malice; and (5) resulting injury. *Cangelosi v. Schwegmann Brothers Giant Super Markets*, 390 So.2d 196, 198 (La.1980); *Manale v. City of New Orleans, Dept. of Police*, 673 F.2d 122, 125 (5th Cir.1982); *Makofsky v. Cunningham*, 576 F.2d 1223, 1235 (5th Cir. 1978). Plaintiff has come forth with no evidence of defamatory words, publication,[2] or malice in this case. As the United States Supreme Court stated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986):

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her

---

**2.** Plaintiff contends, in a memorandum submitted to the Court, that Circle K "published" in its record of separation a knowingly false statement. In the record of separation, Circle K stated that the reason for termination was failure to follow company guidelines in shift closeout procedures and low sales. There is no evidence in the record to indicate that the information in the record of separation was circulated outside the defendant corporation. Statements between employees, made within the course and scope of their employment, are not statements communicated or publicized to third persons so as to constitute a "publication". *Cangelosi v. Schwegmann Brothers Giant Super Markets*, 390 So.2d 196, 198 (1980); *Commercial Union Ins. Co. v. Melikyan*, 424 So.2d 1114, 1115 (La.App. 1st Cir.1982).

**1344**

case with respect to which she has the burden of proof.

In the present case, plaintiff has failed to make a sufficient factual showing to support her defamation claim. Therefore, Circle K is entitled to summary judgment as to plaintiff's defamation action.

### IV. Negligent Misrepresentation Claim

Plaintiff also contends that Circle K represented to her that as long as she adhered to the rules set forth in the Circle K employee handbook, she would not be fired. Plaintiff further contends that she has set forth in her complaint a cause of action for negligent misrepresentation, as recognized under Louisiana law.[3]

 In *Devore v. Hobart Mfg. Co.*, 367 So.2d 836 (La.1979), *reh'g denied* March 5, 1979, plaintiff was injured when boiling water spewed out of a steamer manufactured by Cleveland Range Company. Plaintiff sued her employer, Rapides Parish School Board, for negligently advising her that the manufacturer of the steamer was Cleveland Manufacturing Company, rather than Cleveland Range Company. The Louisiana Supreme Court held that plaintiff failed to state a cause of action for negligent misrepresentation, stating:

> Plaintiff falls short of stating a cause of action. Under the facts alleged in the petitions and conceded by the parties, there was no duty on the part of defendants to give failproof information.... There are no facts set forth which would in our view impose upon the employer-equipment custodian a duty to plaintiff or her attorney to exercise the care in supplying correct information which ultimately proved lacking. There is no allegation that the purpose of requesting the information was communicated in detail sufficient to apprise defendants of the high degree of reliance which plaintiff and her attorney would place on it, nor is there alleged defendants' knowledge of the extent of reliance planned. *Id.* at 839.

Similarly, plaintiff in this case has not come forth with sufficient facts to defeat summary judgment. There is no evidence in the record to show that Circle K assured plaintiff's continued employment upon adherence to employee handbook rules.

### V. Equitable Estoppel Claim

Finally, plaintiff asserts a claim under the doctrine of equitable estoppel. Plaintiff contends that Circle K, through its employee handbook, represented to plaintiff that she would not be terminated absent a particular violation of the enumerated rules of conduct. Plaintiff further contends that she relied on these representations to her detriment. Under Louisiana law, a party invoking the doctrine of estoppel must prove the facts upon which the estoppel is based and must establish all three elements of estoppel: (1) a representation by action or word; (2) justifiable reliance on the representation; and (3) a detrimental change in one's position because of the reliance. *Wilkinson v. Wilkinson*, 323 So.2d 120, 126 (La.1975); *Duthu v. Allements' Roberson Machine Works*, 393 So.2d 184, 186 (La.App. 1st Cir.1980); *Thebner v. Xerox Corp.*, 480 So.2d 454, 458 (La.App. 3d Cir.1985). Estoppel is not favored in Louisiana law and is used sparingly. *Wilkinson, supra; Twillie v. H.B. Zachry Co.*, 380 So.2d 747, 750 (La.App. 4th Cir.1980); *Westenberger v. State, Dept. of Education*, 333 So.2d 264, 271 (La.App. 1st Cir.1976). There is simply no evidence before the Court that Circle K misrepresented to plaintiff that she would not be fired absent a violation of employee handbook rules.

Therefore:

The motion of Circle K Corporation for summary judgment is GRANTED.

Judgment shall be entered dismissing plaintiff's suit with prejudice.

---

3. *Devore v. Hobart Mfg. Co.*, 367 So.2d 836 (La. 1979), reh'g denied March 5, 1979.