Alisa D. JOHNSON

v.

DELCHAMPS, INC.

Civ. A. No. 87-63-B.

United States District Court,
M.D. Louisiana.

June 26, 1989.

See also 846 F.2d 1003.

J. Arthur Smith, III, Baton Rouge, La.,
for plaintiff.

Fredrick Preis, Jr., Robert M. Mitchell,
McGlinchey, Stafford, Mintz, Cellini &
Lang, New Orleans, La., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Alisa D. Johnson was employed by Delchamps, Inc. ("Delchamps") in Baton Rouge, Louisiana. During Delchamps' investigation of an inventory shortage, it asked all employees at the Baton Rouge store to submit to polygraph examinations. The examinations were conducted by Gerald Robinson, a Delchamps employee certified and licensed as a polygraph examiner.

Like all other store employees, Johnson voluntarily agreed to submit to the examination. Robinson administered the examination to Johnson on July 22, 1986. Approximately one week later, Delchamps informed Johnson that she was discharged because she had failed the polygraph examination. The results indicated that Johnson had deceptively responded to the question of whether she had given away any store merchandise during the prior six months.

Johnson originally sued Delchamps in state court alleging that the polygraph examination had been negligently adminis-

tered. Defendant timely removed the case to this Court, and now moves for summary judgment. Delchamps contends that its summary judgment should be granted because plaintiff's claim was barred by the Louisiana Worker's Compensation Act and in the alternative, it had the right to terminate plaintiff's employment at will under Louisiana law. Defendant further contends its actions in terminating plaintiff did not defame the plaintiff.

## I. Is plaintiff's claim barred by the Louisiana Worker's Compensation Act?

Plaintiff seeks damages for loss of reputation, shame, humiliation and loss of earnings and earning capacity.

Defendant claims that plaintiff's exclusive remedy lies in worker's compensation and not in tort. Louisiana Revised Statute 23:1031 provides: "If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation...." Subsection 23:1021(7) further provides: "'Injury' and 'physical injuries' include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted."

■ Since this is a diversity case, the Court must apply Louisiana law. The Louisiana Supreme Court has recently ruled in *Sparks v. Tulane Medical Center Hospital and Clinic*[1] that purely psychological disabilities are covered by the Louisiana Worker's Compensation Act. Therefore, the Court finds that plaintiff's exclusive remedy is under the Louisiana Worker's Compensation Act and not in tort. Thus, plaintiff's suit must be dismissed with prejudice.

## II. Does Louisiana's termination-at-will doctrine apply?

Even if worker's compensation does not bar plaintiff's tort claim, plaintiff's suit must be dismissed.

■ Defendant contends it had the right to terminate at will and therefore, is not liable for discharging plaintiff. Plaintiff has produced no evidence to establish that she had an employment contract for a specified term with Delchamps. Therefore, plaintiff's employment was terminable at defendant's will. "Absent a contract for a fixed period of time, an employee is terminable at will, at any time, for any cause, or for no cause."[2] Defendant fired plaintiff because of the results of the polygraph test. Regardless of whether defendant was justified in firing plaintiff for that reason, defendant had a right to terminate plaintiff at will under Louisiana law.

Plaintiff contends that defendant assumed an affirmative duty of reasonable care when it chose the polygraph test as its standard by which to decide whether or not to discharge plaintiff. Plaintiff traces this affirmative duty to *Marsalis v. LaSalle*[3] and its progeny. In *Marsalis*, defendant's cat bit or scratched the plaintiff. Defendant agreed to sequester the cat for several days to determine if it had rabies, but the cat escaped after only a few days. Since no one was certain whether or not the cat had the disease, plaintiff had to undergo painful rabies shots. The *Marsalis* court held that while the defendant originally had no duty to sequester the cat, once the defendant affirmatively assumed that duty, he was bound to exercise reasonable care.

> It may be that Mrs. Marsalis had open to her some other course by which she could have had the cat incarcerated and examined in order to determine if it was rabid, but she unquestionably and in good faith relied upon defendant to carry out the agreement which he voluntarily made, thus foregoing such other possible

**1.** 546 So.2d 138 (La.1989).

**2.** *Cross v. Shell Oil Co.*, 711 F.Supp. 302 (M.D. La.1988), *aff'd*, 871 F.2d 118 (5th Cir.1989) (citing *Walther v. National Tea Co.*, 848 F.2d 518

(5th Cir.1988), and *Brannan v. Wyeth Labs.*, 526 So.2d 1101 (La.1988)).

**3.** 94 So.2d 120 (La.App.Orls.1957).

available protection. It was of extreme importance to know if the cat had rabies so she could regulate her course of conduct with reference to the injury.[4]

The key to *Marsalis* appears to be plaintiff's detrimental reliance on defendant's promise to sequester the cat. In the instant case Delchamps' use of the polygraph in no way encouraged plaintiff to detrimentally change her conduct. Therefore, *Marsalis* is inapposite. Delchamps assumed no additional duty by its choice of the polygraph test as its criterion for deciding whether to terminate the plaintiff. Plaintiff could have been terminated for *any* cause or *no* cause.

Even if the polygrapher's actions can be imputed to Delchamps, Delchamps nevertheless remains free of liability for those damages arising from the discharge. Robinson's actions were ancillary to Delchamps' exercise of its rights under the employment-at-will doctrine. It would be illogical to state that Delchamps could terminate its employee for any reason, and simultaneously hold Delchamps liable in tort for steps taken in the formulation of that reason.

Furthermore, plaintiff claims that Robinson's negligence in administering the polygraph examination caused the termination of Delchamps' employment contract with plaintiff. No matter how the complaint might be stylized, the alleged cause of action is simply one of negligent interference with contract. Neither the intentional nor negligent interference with a contract is a cause of action in Louisiana.[5] Therefore, defendant is not liable for any damages arising out of its discharge of plaintiff.

### III. Was plaintiff defamed?

Plaintiff's claims to compensation for damage to reputation, shame and hu-

miliation are likewise without merit. Under Louisiana law, a plaintiff suing for defamation must show the following: (1) defamatory words; (2) publication; (3) falsity; (4) actual or implied malice; and, (5) resulting injury.[6] Publication is a necessary element of defamation in Louisiana. There is no evidence of publication of the allegedly false examination results to anyone outside of Delchamps. Apparently, the only communication of the results was between Delchamps employees during the determination of whether or not to discharge plaintiff. Statements between employees made within the course and scope of their employment do not constitute publications for the purpose of defamation.[7] Therefore, the Court holds that there is no evidence of publication sufficient to sustain a claim of defamation.

Therefore, for the foregoing reasons, defendant's motion for summary judgment is hereby GRANTED. Plaintiff's suit is dismissed with prejudice. Judgment shall be entered accordingly.

---

**4.** *Id.* at 126.

**5.** *Baton Rouge Bldg. and Constr. Trades Council AFL–CIO v. Jacobs Constrs.*, 804 F.2d 879 (5th Cir.1986); *Tandy Brands, Inc. v. Harper*, 760 F.2d 648 (5th Cir.1985); *Cargill, Inc. v. Offshore Logistics, Inc.*, 615 F.2d 212 (5th Cir.1980).

**6.** *Cangelosi v. Schwegmann Bros. Giant Super Mkts.*, 390 So.2d 196, 198 (La.1980); *Makofsky*

*v. Cunningham*, 576 F.2d 1223, 1225 (5th Cir. 1978).

**7.** *Cangelosi v. Schwegmann Bros. Giant Super Mkts.*, 390 So.2d 196 (La.1980); *Commercial Union Ins. Co. v. Melikyan*, 424 So.2d 1114 (La.App. 1st Cir.1982).