Alisa D. JOHNSON, Plaintiff–Appellant,

v.

**DELCHAMPS, INC.,**
Defendant–Appellee.

No. 89–3458.

United States Court of Appeals,
Fifth Circuit.

April 6, 1990.

**809**

J. Arthur Smith, III, Baton Rouge, La., for plaintiff-appellant.

Ralph J. Zatzkis, E. Fredrick Preis, Jr., McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for defendant-appellee.

Before POLITZ, KING, and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Alisa Johnson appeals an adverse summary judgment dismissing her complaint against her former employer, Delchamps, Inc. Concluding that Johnson's claim is barred by Louisiana's doctrine of employment-at-will, we affirm the district court's judgment.

*Background*

Following a series of unexplained shortages in its Baton Rouge store Delchamps asked its employees, including Johnson, to submit to a polygraph examination conducted by Gerald Robinson, a Delchamps employee and licensed polygraph examiner. Johnson submitted to the examination. One week later she was discharged because the analysis of her examination indicated that she lied when asked whether she had given away any Delchamps merchandise. Johnson sued Delchamps in Louisiana state court claiming that her termination, resulting from a negligently administered polygraph examination, had caused her to suffer shame, humiliation, and embarrassment. She sought damages for

harm to her personal and professional reputation as well as for past, present, and future lost earnings.

Invoking diversity jurisdiction, Delchamps removed Johnson's suit to federal court and moved for summary judgment premised upon a release Johnson had signed that absolved Delchamps of any liability arising out of the polygraph examination. The district court granted summary judgment. We reversed and remanded. *Johnson v. Delchamps*, 846 F.2d 1003 (5th Cir.1988).

On remand Delchamps again moved for summary judgment, this time claiming that Johnson's at-will status immunized it from liability for her dismissal, that her exclusive remedy lay under the Louisiana worker's compensation statute, and that her claim was one of negligent interference with contract, which Louisiana law does not recognize. The district court granted Delchamps summary judgment on each of these three alternative grounds, *Johnson v. Delchamps*, 715 F.Supp. 1345 (M.D.La. 1989). Johnson timely appealed.

### Analysis

Before analyzing the merits of Johnson's claims we must determine the nature of her cause of action. Although Johnson maintains on appeal that negligent administration of the polygraph examination was an independent tort, a parsing of her complaint and deposition testimony clearly demonstrates that she complains of the discharge itself, albeit based upon the test results.[1] Thus, assuming for purposes of the summary judgment proceeding that the polygraph examination was negligently administered, our inquiry focuses on whether Delchamps is liable to Johnson for its decision to terminate her employment.

■ Louisiana's doctrine of employment-at-will is embodied in Article 2747 of the Louisiana Civil Code which provides:

A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.

Under this doctrine, both employers and employees are free to end the employment relationship at any time, and for any reason, without liability, provided that the termination violates no statutory or constitutional provision and, obviously, that there is no contract of employment for a definite term. *Brannan v. Wyeth Laboratories, Inc.*, 526 So.2d 1101, 1103–04 (La.1988); *Pechon v. National Corp. Service, Inc.*, 234 La. 397, 100 So.2d 213 (1958).

■ While urging several "public policy" arguments, Johnson makes no claim that a constitutional or statutory provision prohibits Delchamps from discharging her as the result of a negligently administered polygraph examination. Nor does she claim that she and Delchamps had a contract of employment for a definite term. She perforce must concede that her employment relationship with Delchamps was at will, giving Delchamps the right to fire her for any reason—good, bad, or indifferent—or for no reason at all. *See Gil v. Metal Service Corp.*, 412 So.2d 706 (La.App.), *cert. denied*, 414 So.2d 379 (1982) (at-will doctrine barred suit by employee discharged for refusing to commit an illegal act for his employer).

■ Nonetheless, Johnson vigorously advances two arguments in support of an exception to the at-will doctrine under the circumstances of her case. She first contends that in using the polygraph examination, and in assigning such serious consequences to the results obtained, Delchamps assumed a duty to ensure that the test was properly conducted, citing as her primary support for this proposition *Marsalis v. LaSalle*, 94 So.2d 120 (La.App.1957).[2] In

---

1. While Johnson asserts harm to her personal and professional reputation, she does not claim that Delchamps wrongfully published the cause of her discharge. She has admitted that the only persons who knew the reason for her discharge were those close friends and family members whom she informed.

2. Johnson points to *Smith v. Orkin Exterminating Co.*, 540 So.2d 363 (La.App.1989), as establishing a cause of action for polygraph malpractice in Louisiana. The *Smith* court held that Orkin had a duty to protect its customers from the criminal activities of its employees which it breached by failing to administer the polygraph

*Marsalis,* the plaintiff, bitten by the defendant's cat, agreed to allow the defendant to keep the cat under observation for rabies provided the cat was restrained. The court held that because the plaintiff had foregone alternative means of protection in reasonable reliance upon the defendant's promise, the defendant assumed a duty of reasonable care. This duty was breached when the cat was allowed to escape, requiring the plaintiff to undergo a series of unpleasant and dangerous rabies shots. In the instant case Johnson does not suggest that she changed her activities in reliance upon the accuracy of the polygraph examination, or that she incurred any risk or danger. In light of the broad discretion accorded Delchamps under the employment-at-will doctrine, we are compelled to conclude that this argument does not carry the day. If Delchamps was at liberty to discharge Johnson for no reason, it was equally at liberty to discharge her for a reason based on incorrect information,[3] even if that information was carelessly gathered.

 Finally, Johnson contends that her discharge constituted an abuse of rights under Louisiana law. Under Louisiana's abuse of rights doctrine a party will be held liable for exercising a legal right if there is "(1) no benefit to the person exercising the legal right, and (2) damage or injury to the person against whom the legal right is asserted." *Lambert v. Maryland Cas. Co.,* 403 So.2d 739, 757 (La.App.1981), *aff'd,* 418 So.2d 553 (La.1982). If a party has a "legitimate and serious interest" in exercising the right, however, the doctrine provides no basis for recovery.

A Louisiana intermediate appellate court has previously addressed and rejected the essence of this argument, holding that an employer's decision to discharge two at-will employees for refusing to submit to a polygraph examination was based upon a legitimate interest and thus did not constitute

an abuse of rights. *Ballaron v. Equitable Shipyards, Inc.,* 521 So.2d 481 (La.App.), *cert. denied,* 522 So.2d 571 (1988). *See Walther v. National Tea Co.,* 848 F.2d 518 (5th Cir.1988) (applying *Ballaron* ). As an *Erie* court, we may reach no other conclusion.

Having concluded that the Louisiana doctrine of employment-at-will controls the disposition of this case, we neither reach nor endorse that portion of the trial court's opinion which held that Johnson's claim was barred by the provisions of the Louisiana worker's compensation statute.

The judgment of the district court is AFFIRMED.

---

tests properly. *Smith* does not address the issue which we consider today—whether such a cause of action by an employee against a former employer is cognizable in the context of an employment-at-will relationship. *Smith* lends little guidance to today's disposition.

**3.** Again, we must emphasize that this is not a suit for damages, or other relief, based on an injury caused by the defendant's publication of erroneous polygraph test results.