**Kwaku O. KUSHINDANA**

v.

**ANTIOCH PUBLISHING COMPANY.**

**Civ. A. No. 90–614–B.**

United States District Court,
M.D. Louisiana.

Jan. 25, 1991.

———

Kwaku O. Kushindana, Baton Rouge, La., pro se.

Joel Shapiro, Goldman, Rubin & Shapiro, Dayton, Ohio, Mark Mese, Franklin, Moore & Walsh, Baton Rouge, La., for Antioch Pub. Co.

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

In January, 1990, Kwaku O. Kushindana began working as an outside sales representative for Antioch Publishing Company (Antioch). On March 27, 1990, the plaintiff was discharged "because of unacceptable sales performance." The plaintiff subsequently filed this pro se action alleging a breach of an employment contract with Antioch. Both parties to this action have filed a motion of summary judgment under Rule 56 of the Federal Rules of Civil Procedure. This Court has diversity jurisdiction under 28 U.S.C. § 1332 and venue is proper pursuant to 28 U.S.C. § 1391.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [1] To oppose the granting of summary judgment, Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Consequently, once the mover has satisfied his burden under Rule 56, the opposing party must put forth more than "[t]he mere existence of a scintilla of evidence" to defeat the motion.[2] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." [3] When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[4]

The plaintiff contends that he entered into a two year employment contract with the defendant. The defendant however denies any such contract ever existed, and alleges the plaintiff's employment was subject to termination "at will." There is no evidence of a written employment contract in the record. Plaintiff asserts that the employment contract was entered into orally.

In opposition to the plaintiff's motion for summary judgment and in support of its own motion, Antioch has submitted the affidavits of nine (9) of its employees, including its president, vice-president of sales, vice-president of human resources, purchasing manager, and the regional sales director who offered the plaintiff the sales position and supervised him while he was employed by the defendant. In each of these affidavits, the affiant states that: (1) Antioch has never entered into employment contracts with any of its past or present sales representative during the company's 65 year existence; (2) the plaintiff was told his employment was at will and not for a set, or certain, term; and, (3) none the individuals told, agreed, or suggested to the plaintiff that his employment was for a term of two years. Instead, it was made clear that plaintiff was employed on at will basis. A review of the record also reveals that none of the written correspondences between the plaintiff and representative of Antioch indicate or can be construed as offering anything other than employment at will.

The Court must first determine what type of employment arrangements existed between the parties in order to apply the proper Louisiana law.[5] The Louisiana Supreme Court has held that "[a]n employee is never presumed to engage his services

---

1. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986).

2. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

3. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

4. *Id.*

5. Since the Court's jurisdiction is based on diversity of citizenship, Louisiana law on employment contracts is applicable.

permanently." [6] The Fifth Circuit has noted that "[u]nder Louisiana law a contract for employment is considered a lease of personal services terminable at the will of either party unless it is for 'a certain time.'" [7] When a party relies on an oral employment contract for a fixed term, he must satisfy the requirements of Louisiana Civil Code article 1846, concerning proof of oral contracts.[8] Article 1846 mandates that when the contract amount exceeds $500, the proponent of the oral contract has the burden of establishing a prima facie case as to the existence of the contract with "the testimony of at least one creditable witness and other corroborating circumstances." [9] The jurisprudence has held that the party asserting the existence of the oral contract must satisfy both conditions, although the party himself may, in certain cases, be his one witness.[10] Further, the corroborative evidence need only be general, not specific proof of the complete contract.[11]

In the suit before this Court, the plaintiff is his only creditable witness to the existence of the two year contract. However, assuming *arguendo* that the plaintiff is a creditable witness, the plaintiff has failed to satisfy the requirement of general corroborative circumstances. The Court recognizes that the plaintiff is not an attorney and has filed this action pro se. However, the Court can find no evidence to corroborate or support his contention of a fixed employment contract. Further, the evidence submitted by the defendant clearly established that no oral two year contract was entered into by the parties. Therefore, the Court finds that not only has the plaintiff failed to establish a prima facie case as to the existence of an oral employment contract for a definitive, or certain, term, the defendant has established that no such contract exists between the parties.

Since the Court has found that the employment contract between the parties was not for a certain term, it follows the plaintiff's employment could be terminated at will by the defendant.[12] Louisiana law provides that with an employment at will contract the employer or the employee is free to terminate the employment relationship at any time, without any reason, and without any liability for damages, absent any violation of statute or the constitution.[13] A review of the evidence presented to the Court fails to show any violation of a statutory or constitutional provision. Consequently, based on the Court's finding that the employment contract was terminable at will, Antioch had "the right to fire [Kushindana] for any reason—good, bad, or indifferent—or for no reason at all." [14] Further, Antioch could exercise this right without incurring any legal liability.

Therefore, Antioch is entitled to summary judgment as a matter of fact and law.

THEREFORE:

---

6. *Brannan v. Wyeth Laboratories, Inc.,* 526 So.2d 1101, 1104 (La.1988). *See also Marshall v. Circle K Corp.,* 715 F.Supp. 1341, 1342 (M.D.La. 1989), *aff'd,* 896 F.2d 550 (5th Cir.1990).

7. *Overman v. Fluor Const., Inc.,* 797 F.2d 217, 218–19 (5th Cir.1986) (citing La.Civ.Code arts. 2747 and 2749); *Marshall,* 715 F.Supp. at 1343.

8. *Kethley v. Draughon Business College,* 535 So.2d 502, 505 (La.App. 2d Cir.1988).

9. *Higgins v. Smith Int'l, Inc.,* 716 F.2d 278, 283 (5th Cir.1983) (citing then La.Civ.Code art. 2277 (1870), which is now La.Civ.Code art. 1846 (effective Jan. 1, 1985)); *Hunt Oil Co. v. FERC,* 853 F.2d 1226, 1240 (5th Cir.1988); *Kethley,* 535 So.2d at 505.

10. *Higgins,* 716 F.2d at 283 n. 3; *Samuels v. Firestone Tire & Rubber Co.,* 342 So.2d 661, 662 (La.1977); *Kethley,* 535 So.2d at 505.

11. *Higgins,* 716 F.2d at 283; *Samuels,* 342 So.2d at 662.

12. *See Johnson v. Delchamps, Inc.,* 715 F.Supp. 1345, 1346 (M.D.La.1989), *aff'd,* 897 F.2d 808 (5th Cir.1990).

13. La.Civ.Code art. 2747; *Gilbert v. Tulane University,* 909 F.2d 124, 125 (5th Cir.1990); *Johnson v. Delchamps,* 897 F.2d 808, 810 (5th Cir. 1990), *aff'g* 715 F.Supp. 1345, 1346–47 (M.D.La. 1989); *Marshall v. Circle K Corp.,* 715 F.Supp. 1341, 1342–44, *aff'd,* 896 F.2d 550 (5th Cir.1990); *Cross v. Shell Co.,* 711 F.Supp. 302, 304 (M.D.La. 1988), *aff'd,* 871 F.2d 118 (5th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 133, 112 L.Ed.2d 100 (1990); *Brannan v. Wyeth Laboratories, Inc.,* 526 So.2d 1101, 1103–04 (La.1988).

14. *Johnson,* 897 F.2d at 810.

IT IS ORDERED that the motion for summary judgment by the plaintiff, Kwaku O. Kushindana, is DENIED.

IT IS FURTHER ORDERED that Antioch Publishing Company's motion for summary judgment is GRANTED and the plaintiff's suit is hereby dismissed with prejudice.

Judgment shall be entered accordingly.