|, KIRBY, Judge.
Plaintiff, Rene Brunet filed suit against Defendant, Jack Fullmer, claiming Mr. Fullmer had defamed him while reporting to his principal in the context of adjusting Mr. Brunet’s insurance claim. The trial court granted defendant’s Motion for Summary Judgment. Mr. Brunet appeals the granting of this Motion.
STATEMENT OF THE FACTS
On May 8-9, 1995, the roof of the “Joy” theatre was damaged in severe weather conditions that hit the area. Consequently Mr. Brunet, who operates and is a principal shareholder in Delta Theaters, Inc. which owns the “Joy,” filed a claim with his insurance company, Alliance General, to have the roof repaired. Alliance General, an Illinois Corporation, hired All American Administrators, Inc., another Illinois Corporation, as its claim consultant. All American hired American Adjustment Company, a Louisiana Corporation, to evaluate the “Joy” theatre claim. American Adjustment Company employs Mr. *1241 Fullmer. Mr. Fullmer was the local adjuster for Alliance General. Fullmer contacted Brunet and set up a time to see the damages.
| ¡^Subsequently, Alliance General denied coverage, requiring Delta Theaters, Inc., to file suit in the United States District Court for the Eastern District of Louisiana, Docket No. 96-2719, against Alliance General Insurance and All American Administrators, Inc. That suit settled between those parties prior to this litigation. However, during that litigation, it became known that Alliance General’s refusal to honor Delta Theater’s claim was caused by correspondence from Fullmer.
ACTION OF THE TRIAL COURT
On June 2, 1999, defendant/appellee, Jack Fullmer, filed a Motion for Summary Judgment that was set for hearing on July 2, 1999. On August 4, 1999, plaintiff/appellant, Rene Brunet, filed a Motion for Partial Summary judgment and Memorandum in Opposition to Fullmer’s Motion for Summary Judgment, which was set for hearing on September 17, 1999. On September 14, 1999, Fullmer filed a Reply Memorandum and Memorandum in Opposition to Plaintiffs Motion for Partial Summary Judgment. The hearing on the cross-motions for summary judgment was then continued to November 5, 1999. Brunet filed a Reply Memorandum in Support of Plaintiffs Motion for Partial Summary judgment and in Opposition to Defendant’s Motion for Summary Judgment on November 2, 1999. These cross-motions for summary judgment proceeded for hearing on November 5, 1999, before Max N. Tobias, Jr. after which he rendered and signed a Final Judgment granting the Motion for Summary Judgment by Judge defendant/appellee, Jack Fullmer, and denying the Motion for Partial Summary Judgment filed by plaintiff/appellant, Rene Brunet, and dismissing all claims | ¡¡against Fullmer with prejudice. It is this Judgment plaintiff/appellant, Rene Brunet, appeals.
STATEMENT OF THE LAW
The appellate court standard of review of summary judgments is de novo. Smith v. Our Lady of the Lake Hospital, 639 So.2d 730 (La.1994); Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580.
Louisiana Code of Civil Procedure Article 966, as amended, provides that:
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, .... This procedure is favored and shall be construed to accomplish these ends. ... (A) motion which shows that there is no genuine issue as to a material fact, and that mover is entitled to a judgment as a matter of law shall be granted. ... (T)he movant’s burden on the motion does not require him to negate all essentiál elements of the adverse party’s claim, action, or defense, but rather to point to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. (Emphasis supplied).
At least one court of appeal has stated that “[t]he rules should be liberally construed.” Oakley v. Thebault, 96-0937, (La.App. 4 Cir. 11/18/96), 684 So.2d 488, 490.
The elements of an action for defamation are: (1) defamatory words, (2) publication, (3) falsity, (4) malice, actual or implied, and (5) resulting injury. Albarado v. Abadie, 97-478 (La.App. 5 Cir. 11/12/97), 703 So.2d 736, 739, writ denied, 97-C-3081, (La.2/13/98), 709 So.2d 756; Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196, 198 (La.1980). If even one of these elements is lacking, the cause of action fails. Douglas v. Thomas, 31-470, (La.App. 2 Cir. *1242 2/24/99), 728 So.2d 560, 562; writ denied, 99-0835, (La.5/14/99), 741 So.2d 661.
A crucial element in a defamation claim is proving that the defendant made an unprivileged publication to a third party. Commercial Union Insurance Company v. Melikyan, 424 So.2d 1114, 1115 (La.App. 1 Cir.1982), held that an intra-corporate communication among officers or agents of the same corporation, in connection with their duties for the corporation, are a communication of the corporation, and cannot be considered as being a communication to a third party. The First Circuit relied on the case of Cangelosi v. Schwegmann Brothers Giant Super Market, supra in which the Louisiana Supreme Court ruled that statements made by and among the plaintiffs co-employee supervisors, in connection with a suspected altered check, did not constitute a publication to third persons.
In this case, Alliance General hired, albeit via All American and American Adjustment,[1] the defendant, Mr. Full-mer, to adjust the claim that they had received. As adjuster, Mr. Fullmer acted on behalf of Alliance General in all matters that concerned the claim. One who acts for or in place of another person by authority from him is a mandatary, or agent, and mandate may be written or oral and is accepted either expressly or tacitly. Bank of Greensburg v. Forrest, 520 So.2d 728 (La.1988). Thus, as mandatary of Alliance General, Mr. Fullmer’s communications sent to Alliance General would be an intra-corporate communication.
| {¡Based on the principles of agency[2], we find the facts of this case to be analogous to the aforementioned line of cases. In this case the insurance adjuster, Mr. Full-mer, acted as an agent of his principal, i.e. All American.
When an insurance adjuster assesses an insurance claim for the insurance company, he is acting within the course and scope of the insurance company’s business by adjusting such claim. The principles of agency make an insurance adjuster’s communication assessing an insurance claim an intra-corporate communication. The underlying public policy is that for the business of insurance adjusting to be carried out properly, an adjuster must be able to express his opinion frankly to the insurer, without fear of retribution.
Therefore, we follow the rationale of the Commercial Union Insurance Company and Cangelosi cases, supra, using the principles of agency, and find, as the trial court did, that the element of “publication” is not satisfied under these facts.
AFFIRMED.

. See Statement of Facts, supra,.

. See Mandate, La. Civil Code Articles 2989 et sequitur.