# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30641

United States Court of Appeals
Fifth Circuit

**FILED**
December 17, 2018

Lyle W. Cayce
Clerk

DARIN WILLIAMS,

        Plaintiff–Appellant,

v.

UNITED PARCEL SERVICE, INCORPORATED,

        Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-450

Before HIGGINBOTHAM, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Darin Williams appeals the dismissal of his Title VII gender discrimination claim against United Parcel Service, Inc., claiming the district court erred by dismissing his case on grounds not before it. We disagree and AFFIRM the dismissal, as Williams failed to establish his prima facie case and had notice that this could be grounds for dismissal. Williams also appeals the dismissal of his state law defamation claim against Shraya Williams. Here too we AFFIRM, as Williams' arguments are contrary to Louisiana law.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30641

## I. BACKGROUND

Williams was a "Business Manager" at UPS. He had a duty to report injuries that received medical attention beyond first aid. In late June or early July of 2015, Williams learned that Mia Baptiste, an employee under his management, had been injured by her supervisor, Charles Wooten, when the two had been "playing" with a can of compressed air. Williams told Baptiste to report the injury, but she made it clear that she did not want to. The Human Resource Supervisor, Shraya Williams, allegedly told Williams that he could not force Baptiste to report the injury. Williams relied on Shraya's advice and did not report it.

In late September, UPS investigated the injury. It was then that Williams learned that Baptiste had received medical attention beyond first aid, meaning he had a duty to report it. Williams claims Shraya lied to UPS investigators by saying that she had told Williams multiple times to report the injury. Williams uses these statements as the basis for his defamation claim against Shraya. UPS then fired Williams for failing to report the injury.

Williams sued UPS for gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Shraya for defamation under Louisiana law. The district court dismissed Williams' claims against Shraya under Federal Rule of Civil Procedure 12(b)(6). UPS moved for summary judgment on the discrimination claim. The district court granted summary judgment for UPS, finding that Williams had not pointed to evidence that Baptiste and Shraya were similarly situated to him—prong four of Williams' prima facie case. Williams timely appealed.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment under Rule 56 de novo. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the non-movant." *Hyatt*, 843 F.3d at 177 (cleaned up).

Cases of discrimination based on circumstantial evidence are subject to the *McDonnell Douglas*[1] burden-shifting framework. *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 316–17. "To survive summary judgment under *McDonnell Douglas,* the plaintiff must first present evidence of a prima facie case of discrimination." *Id.* at 317 (citing *Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 342 (5th Cir. 2002). To establish a prima facie case, the plaintiff must show: (1) he was in a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees. *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001). If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer. *Davis*, 383 F.3d at 317. The employer must then articulate a legitimate, nondiscriminatory reason for the underlying employment action. *Id.* If the employer can state a legitimate reason for its action, the inference of discrimination disappears, and the burden shifts back to the plaintiff to present evidence that the employer's proffered reason was merely pretextual. *Id.*

## III. DISCUSSION

### A.   The District Court Did Not Err by Dismissing Williams' Title VII Claim Based on His Prima Facie Case

Williams argues that he did not receive notice that his prima facie case was at issue because, while UPS expressly did not concede that he could

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

establish a prima facie case, "for purposes of the motion for summary judgment, UPS was not challenging his *prima facie* case." We disagree.

While we require that a plaintiff be put on notice that a matter could be grounds for summary judgment, *see Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996), the standard for notice is quite low. In *Turco*, we held that an issue mentioned a single time in a footnote was sufficient notice. 101 F.3d at 1093. Similarly, in *Atkins v. Salazar*, we held there was notice where the plaintiff raised the issue in his summary judgment response brief and where the defendant "made repeated reference to facts relevant to the [issue the district court ultimately used as the basis for summary judgment] in its opening brief." 677 F.3d 667, 679–80 (5th Cir. 2011). *Atkins* also approvingly cites to *Cripe v. City of San Jose* for the proposition that even if a defendant "mislabel[s] its argument and identifie[s] the wrong standard" he does not waive the issue if he "argue[s] the relevant facts before the district judge" because that "sufficiently puts the plaintiffs and the court on notice of the actual issue the defendant should have specified." 677 F.3d at 680 (citing *Cripe*, 261 F.3d 877, 886 n.9 (9th Cir. 2001)).

Here, the context surrounding UPS's express non-concession makes it clear that Williams was on notice. While the district court noted that the plaintiff bears the burden of establishing his prima facie case "at trial," the plaintiff also bears this burden at the summary judgment stage. *See Davis*, 383 F.3d at 317. In its memorandum in support of the motion for summary judgment—in the same section where it expressly does not concede the prima facie issue—UPS clearly explains that the "plaintiff must initially establish a prima facie case by proving facts sufficient to raise an inference of discrimination." In the same paragraph, UPS also pointed out that the Supreme Court has made it clear that "the only burden that shifts to the defendant after a prima facie case is made is one of 'producing evidence' that

4

an adverse employment action was taken for a legitimate, nondiscriminatory purpose." One sentence later, UPS explains that "[w]ithout conceding" the issue of whether Plaintiff can establish a *prima facie* case, it was choosing to "focus[] on the legitimate, non-discriminatory reason for Plaintiff's termination." In context, it is clear that UPS pointed to Williams' burden of establishing a prima facie case, noted that its only burden was to establish a nondiscriminatory reason for firing Williams, and proceeded to focus on its own burden.

Moreover, UPS made "repeated reference to facts relevant to" whether Williams was similarly situated to his coworkers, Shraya and Baptiste, in accordance with *Atkins*, 677 F.3d at 680. UPS noted that Williams was *not* similar to Baptiste because "Baptiste followed the procedure by reporting her injury to her supervisor, Wooten." UPS also pointed out that Shraya's conduct was different from Williams' because she too reported the incident while Williams did not. Williams then engaged with these facts in his response, meaning he not only had notice that these facts were at issue but also substantively responded to them.

The district court drew heavily from both UPS's motion and Williams' opposition to support its conclusion that Baptiste and Shraya were not similarly situated. It also used facts obvious from the pleadings to note that both Baptiste and Shraya's jobs are very different from Williams'. We thus hold that Williams had notice that his prima facie case could be the basis for summary judgment and that the district court did not err by dismissing his Title VII claim.

## B.     The District Court Properly Dismissed Williams' Defamation Claim Against Shraya

To prove defamation, a plaintiff must allege the following elements: (1) a false and defamatory statement; (2) unprivileged publication to a third party;

No. 18-30641

(3) fault on the part of the publisher; and (4) resulting injury. Restatement (Second) of Torts § 558 (1977). The only element before us is whether the statements were published to a third party. The alleged defamatory statements were made exclusively within UPS's organizational structure during a company investigation. In Louisiana, "[s]tatements between employees, made within the course and scope of their employment, are not statements communicated or publicized to third persons" for purposes of a defamation claim. *Marshall v. Circle K Corp.*, 715 F. Supp. 1341, 343 n.2 (M.D. La. 1989); *see also Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So.2d 196, 198 (1980); *Comm. Union Ins. Co. v. Melikyan,* 424 So.2d 1114, 1115 (La. App. 1st Cir. 1982). Thus, the district court was right to dismiss Williams' defamation claim.

## IV. CONCLUSION

For these reasons, we AFFIRM the district court's dismissal of Williams' Title VII and state law defamation claims.