362 So.2d 1144 (1978)
Sam E. STEADMAN et al., Plaintiffs-Appellants,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant-Appellee.
No. 13590.
Court of Appeal of Louisiana, Second Circuit.
August 28, 1978.
Rehearing Denied October 11, 1978.
Kelly, Ware & Salim by Robert L. Salim, Natchitoches, for plaintiffs-appellants.
Tucker, Martin, Holder, Jeter & Jackson by T. Haller Jackson, III, Shreveport, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied October 11, 1978.
PRICE, Judge.
In this case plaintiffs, Sam E. Steadman and Edith E. Steadman, seek mental anguish damages of over $1,000,000 from defendant, South Central Bell, for alleged intentional and reckless conduct perpetrated on Mrs. Steadman by defendant's employees.
Plaintiffs alleged that after having worked for defendant for nineteen years, Mrs. Steadman became disabled on November 25, 1975, and was unable to continue working; that two and one-half months thereafter defendant arbitrarily ceased paying disability benefits to plaintiff, subjecting her to severe emotional distress; that during the last week of November and the first week of December 1976, defendant's employees telephoned Mrs. Steadman and on one occasion visited her home in order to regain the employee identification and key cards issued to her by defendant; and that these contacts caused her to be subsequently hospitalized for two weeks at Brentwood Psychiatric Hospital for depressive neurosis and an extreme mental breakdown.
*1145 Defendant filed peremptory exceptions of no cause of action and liberative prescription contending that the facts alleged in plaintiffs' petition did not give rise to actionable negligence, and that any harm suffered by plaintiff occurred more than one year prior to filing suit. Thereafter the parties filed a joint stipulation in which they agreed that plaintiffs were not attempting to prove negligence, but were seeking recovery only for alleged intentional acts of defendant. On trial of the peremptory exceptions the trial judge sustained defendant's exception of no cause of action and dismissed plaintiffs' demands. Plaintiffs appeal.
The sole issue is whether the facts of plaintiffs' petition, if accepted as true, give rise to legal redress. The pertinent paragraphs of plaintiffs' original and supplemental petitions read as follows:
That on or about February 10, 1976, Dr. Phillips informed the defendant that the discontinuance of disability benefits had caused severe emotional and mental distress to the petitioner, Edith E. Steadman.
That despite the prior knowledge defendant had of petitioner's peculiar sensitivities, in early December of 1976, the defendant sent their agent, Mr. Charles Martin, to the home of the petitioner to acquire a key card and identification card from the plaintiff.
That throughout the last week of November and first week of December, 1976, the defendant's agent and employees, Charles Martin, Olin Higgs, and Mrs. Vivian Farrow, called and contacted the petitioner; as a result of defendant's actions, Mrs. Steadman was forced to be hospitalized at Brentwood Psychiatric Hospital for intensive treatment from December 2, 1976 until December 16, 1976.
That petitioners allege upon information and belief that the defendant had been repeatedly warned not to contact the plaintiff under any circumstances by plaintiff's doctors and plaintiff's attorney, prior to the action of the defendant in December of 1976.
Although plaintiffs alleged in their original petition that defendant periodically harassed Mrs. Steadman, this allegation was struck by plaintiffs in their supplemental petition; therefore, no act of harassment is alleged.
In essence plaintiffs contend that defendant's arbitrary discontinuance of Mrs. Steadman's disability benefits, in addition to the visit and telephone calls to her in disregard of her doctor's warnings, are intentional torts subjecting her to physical injury and emotional trauma.
Since the parties by stipulation have limited recovery to damages caused by intentional acts, it is unnecessary to discuss whether the petition states a cause of action for negligence.
The general rule of law concerning damages for mental distress due to intentional torts is that the defendant must either have actively desired to bring about the mental anguish or realized to a virtual certainty that it would occur. See 23 Louisiana Law Review 281 at 292; Prosser, Law of Torts (1971), 4th Ed., § 12, p. 49. Recovery for mental anguish caused by intentional torts has generally been limited to instances of outrageous conduct. Malone, Studies in Louisiana Tort Law (1970), p. 39; Nickerson v. Hodges, 146 La. 735, 84 So. 37 (1920).
Plaintiffs' theory of liability is predicated on Nickerson v. Hodges, supra, and Section 46 of Restatement of Torts Second. Nickerson is not analogous to the facts alleged here. In Nickerson defendants intentionally played a practical joke on a middle-aged woman who had a history of mental problems, by burying a pot of dirt and rocks and leading her to believe it was filled with gold, subsequently humiliating her when it was opened at a ceremony conducted by the town officials. The facts before us, however, allege no intent to embarrass, humiliate, or cause emotional distress.
The pertinent part of Section 46 and the comments thereto state:

*1146 One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress.. . .
. . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim, "Outrageous!" (Comment d)
The conduct, although it would otherwise be extreme and outrageous, may be privileged under certain circumstances. The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress. . . (Comment g)
Although the court is not bound to adhere to the Restatement, it may be considered in determining whether intentional fault under Civil Code Art. 2315 exists. The facts as alleged in plaintiffs' petition do not, as a matter of law, warrant a finding of an intent to cause emotional distress either under the Restatement or C.C. Art. 2315. The facts as alleged do not show that defendant acted in an atrocious, outrageous, or utterly intolerable manner. Further, even conceding such actions as outrageous, these acts would be privileged as a matter of law under these particular circumstances, as defendant did no more than to assert its legal rights of regaining the identification and key cards in a permissible way.
Without allegations of fact showing that defendant intended to embarrass, humiliate, or mentally and emotionally disturb plaintiff, and that such conduct was done in a manner which was outrageous and beyond the privileged bounds of insisting on one's legal rights, plaintiffs' petition does not state a cause of action for emotional trauma due to intentional acts under C.C. Art. 2315.
For the reasons assigned the judgment is affirmed at appellants' cost.