391 So.2d 948 (1980)
Joe MAGGIO, Jr., Plaintiff-Appellant,
v.
ST. FRANCIS MEDICAL CENTER, INC., et al., Defendants-Appellees.
No. 14366.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
Rehearing Denied January 13, 1981.
*949 Paul Henry Kidd, Monroe, Nettie Ann Woolhander and Michael G. Collins, New Orleans, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Thomas M. Hayes and Hudson, Potts & Bernstein by Ben R. Hanchey and Gordon L. James, Monroe, for defendants-appellees.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied January 13, 1981.
HALL, Judge.
Plaintiff, formerly an administrative employee of the St. Francis Medical Center in Monroe, sued his employer and certain supervisory and executive officers of the Medical Center in tort to recover damages for mental and emotional injuries, including two nervous breakdowns, allegedly sustained by him because of intentional harassment and other tortious acts of the defendants.
The defendants filed motions for summary judgment, contending plaintiff's exclusive remedy is under the Workmen's Compensation Act since his alleged injuries arose out of and were sustained while he was acting in the course and scope of his employment. In support of their motions, defendants relied on affidavits establishing facts relating to the employment status of plaintiff and the defendants, the allegations of plaintiff's petition, and plaintiff's discovery deposition. In opposition to the motions, plaintiff contended that LSA-R.S. 23:1032 does not provide immunity from tort liability for the intentional torts of the employees and co-employees.
In granting the summary judgment, the trial court noted first that under Guidry v. Aetna Casualty and Surety Co., 359 So.2d 637 (La.App. 1st Cir. 1978), writ refused 362 So.2d 578 (La.1978), the plaintiff must allege and establish not only that the defendants intentionally committed an act directed toward the plaintiff but also that the defendants actively desired and believed the act was substantially certain to result in injury to him. The court held there were no allegations in the petition nor testimony in the deposition to establish that the motive of any of the defendants was to bring about plaintiff's nervous breakdowns and emotional disorder. Finding there was no genuine issue of material fact, the court concluded that "there is no evidence of an intentional tort as required by R.S. 23:1032, so Plaintiff's remedy is only under the Workmen's Compensation Statute."
We reverse and remand for further proceedings.
The essential allegations of plaintiff's petition are as follows. He was employed as assistant administrator of the Medical Center under Sister Magdalen, the chief administrator. In late 1976 or 1977 he learned that Sister Magdalen had terminated the practice of returning overpayments to patients and that funds from this source were being illegally transferred out of the country. He confronted Sister Magdalen about the matter and was told it was none of his business. He talked to the Sister's supervisors with the same response. Thereafter, it is alleged, Sister Magdalen, by many and various forms of harassment, interference, intimidation, unfounded accusations, unreasonable acts, and other reprehensible activities directed toward plaintiff, made his life and working conditions at the hospital unbearable. The petition alleges that Sister Magdalen told plaintiff the matter was none of his business and to stay out of it; she told him she would never forgive him for approaching her superiors about the matter; she accused him of assisting in the organization of a union for hospital employees; she replaced him as associate executive director of the Center; she demoted him to a menial position and removed his office to *950 a secluded area; she threatened him with loss of his job; she terminated his employment without just cause when he refused to resign; she intentionally caused him to breach his duty and interfered with his duty to report the wrongful transactions; she intentionally set about a pattern of harassment and frustration to cover up her wrongdoing; and the other defendants were aware of all this and failed to act to prevent the abuses.
Defendants denied the allegations of plaintiff's petition in their answers. The affidavits filed by defendants in support of the motions for summary judgment relate only to employment status and do not contradict the factual allegations of plaintiff's petition. The facts related by plaintiff in a discovery deposition conducted by defendants' counsel are somewhat vague and meager and do not support in detail the allegations of his petition; nevertheless, his testimony does not negate or conflict with the allegations. The discovery deposition does not stand as a substitute for trial or the full presentation of plaintiff's case. Quite obviously, practically all of the facts alleged in plaintiff's petition are genuinely and seriously in dispute.
The determination of whether the motions for summary judgment should have been granted centers, then, on whether the disputed facts are material, that is, whether defendants are entitled to judgment as a matter of law even if the facts alleged by plaintiff are established as true. The issue can be otherwise stated as whether plaintiff has alleged a cause of action for an intentional tort so as to avoid the exclusivity of recovery in workmen's compensation under LSA-R.S. 23:1032.
The requisite allegations of intent required of an employee in a tort suit against his employer and co-employees were recently set forth by this court in Johnson v. Chicago Mill and Lumber Co., 385 So.2d 878 (La.App. 2d Cir. 1980):
"To subject an employer liable for damages sustained by an employee in the course and scope of his employment, it must be alleged that the employer consciously committed an act which the employer actively desired and believed was substantially certain to result in injury to the employee. Otherwise, the employee's petition fails to state a cause of action for damages against his employer."
The statement of the requisite allegations under LSA-R.S. 23:1032 dovetails with this court's statement of the allegations required to set forth a cause of action for the intentional infliction of emotional distress in Steadman v. South Cent. Bell Telephone Co., 362 So.2d 1144 (La.App. 2d Cir. 1978):
"The general rule of law concerning damages for mental distress due to intentional torts is that the defendant must either have actively desired to bring about the mental anguish or realized to a virtual certainty that it would occur. See 23 Louisiana Law Review 281 at 292; Prosser, Law of Torts (1971), 4th Ed., § 12, p. 49. Recovery for mental anguish caused by intentional torts has generally been limited to instances of outrageous conduct. Malone, Studies in Louisiana Tort Law (1970), p. 39; Nickerson v. Hodges, 146 La. 735, 84 So. 37 (1920)."
In the instant case, the essence of the allegations of plaintiff's petition is that the defendants intentionally engaged in a pattern of outrageous, harassing conduct directed toward him in an effort to cover up their wrongdoing, the alleged acts of conduct being of such a nature as to necessarily be calculated and intended to make plaintiff's working conditions unbearable and to cause him mental and emotional distress. The allegations of fact, viewed in the light most favorable to plaintiff, meet the requirements of the intentional act exception to the exclusiveness of workmen's compensation under LSA-R.S. 23:1032 and of a cause of action for mental distress due to an intentional tort under LSA-C.C. Art. 2315.
There are genuine issues of fact material to plaintiff's right to recover in tort from the defendants and defendants are not entitled to judgment as a matter of law. The judgment of the district court is reversed and set aside and this action is remanded *951 to the district court for further proceedings. Costs of this appeal are assessed to the defendants-appellees; all other costs to await final disposition of the action.
Reversed and remanded.