549 So.2d 1265 (1989)
Patrick BOUDOIN and Melanie Boudoin, Plaintiffs-Appellants,
v.
Terrye S. BRADLEY and First Horizon Insurance Company, Defendants-Appellees, and
Douglas W. Motty, Defendant.
No. 88-706.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
*1266 Michael B. Miller, Miller & Miller, Crowley, for plaintiffs-appellants.
James L. Pate, Laborde & Neuner, Lafayette, for defendant-appellee.
Terrye S. Bradley, Metairie, in pro. per.
Before DOMENGEAUX, FORET and KING, JJ.
DOMENGEAUX, Judge.
Plaintiffs, Patrick and Melanie Boudoin, filed this suit against First Horizon Insurance Company and against two insurance adjusters, Terrye S. Bradley and Douglas W. Motty, alleging they suffered severe mental distress when First Horizon terminated Patrick Boudoin's workers' compensation benefits. Holding the Louisiana workers' compensation statute provided plaintiffs' their exclusive remedy, the trial judge dismissed the suit on an exception of no cause of action filed by First Horizon and Bradley.
On March 19, 1986, Patrick Boudoin was allegedly injured during the course and scope of his employment as a roughneck for Grey Wolf Drilling Company. First Horizon, Grey Wolf's workers' compensation insurer, paid Boudoin weekly benefits through October 23, 1987. As a result of this termination of benefits, plaintiffs filed this tort action, claiming First Horizon stopped payment of Boudoin's benefits solely because he refused to accept an unreasonably low settlement offer. In their petition for damages, plaintiffs allege more specifically:

VI.
During the period leading up to October 23, 1987, there had been negotiations between Patrick Boudoin and Horizon, through its agent Douglas W. Motty in an attempt to settle the worker's compensation claim of Patrick Boudoin.

VII.
On or about October 23, 1987, Douglas W. Motty told Patrick Boudoin's attorney that they were making a final settlement offer to settle Patrick Boudoin's worker's compensation claim and that if Patrick Boudoin failed to accept this offer, his worker's compensation benefits would be terminated.

VIII.
Horizon, through its agent Douglas W. Motty, admitted on October 23, 1987, that it knew of no reason why Patrick Boudoin's weekly compensation benefits should be terminated.

IX.
Counsel for Patrick Boudoin advised Horizon that if Patrick Boudoin's weekly compensation benefits were terminated, its actions would not only be arbitrary and capricious, but also intentional in nature and that a suit would be filed against the responsible parties in tort.

X.
On December 19, 1987, Patrick Boudoin's weekly worker's compensation benefits were terminated and despite efforts on the part of Patrick Boudoin and his counsel, Horizon has refused to reinstate weekly compensation benefits to Patrick Boudoin, even though Horizon knows that Patrick Boudoin is entitled to weekly compensation benefits.

XI.
Based upon information sufficient to justify a belief thereof, the termination of weekly benefits to Patrick Boudoin was an attempt by Horizon to cut off income to plaintiffs placing plaintiffs in a position of having to accept the settlement *1267 offer of Horizon, even though the offer was unreasonably low.
As a result of First Horizon's intentional refusal to pay Boudoin's benefits, plaintiffs contend they have sustained mental anguish and they are in dire financial circumstances.
This case presents the novel question of whether an employee may maintain an action in tort for intentional infliction of emotional distress against his employer's workers' compensation insurer. Reviewing the limited jurisprudence, discussed below, in context with both the provisions of the state compensation statute and its underlying policies, we conclude that Louisiana law permits such a cause of action. However, as in this case, where the employee merely alleges emotional and financial loss caused by the wrongful termination of benefits, his sole remedy is found in the penalties and attorney's fees provisions of La. R.S. 23:1201(E) and 23:1201.2.
The workers' compensation insurer is entitled to the same immunity from tort proceedings that the employer may raise. Physicians and Surgeons Hospital, Inc. v. Leone, 399 So.2d 806 (La.App. 3d Cir.1981), writ denied, 401 So.2d 993 (1981). This immunity is subject to one statutory exception: an employer may be held liable in tort for the consequences of his intentional acts. La. R.S. 23:1032. This Circuit has already concluded an employee may proceed in tort against his employer under this exception where his petition alleges facts sufficient to sustain a cause of action for intentional infliction of mental distress. Maggio v. St. Francis Medical Center, Inc., 391 So.2d 948 (La. App. 3rd Cir.1981), writ denied, 396 So.2d 1351 (La.1981). Because we know of no provision which affords the insurer greater immunity than the employer, we conclude that such a cause of action may also be brought against the insurer.
To recover damages for the intentional infliction of mental distress, the plaintiff must prove that the defendant either actively desired to bring about mental anguish or realized to a virtual certainty that it would occur. Recovery in such cases has generally been limited to instances of outrageous conduct. Steadman v. South Central Bell Telephone Co., 362 So.2d 1144 (La.App. 2nd Cir.1978). By "outrageous" it is meant conduct "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Steadman, supra, quoting Restatement of Torts Second, § 46, comment d.
Accepting the allegations of plaintiffs' petition as true, as we must for the purpose of this exception, we find they fall far short of this standard. The only conduct alleged by the plaintiffs is that First Horizon's adjusters, Motty and Bradley, told Boudoin that his benefits would be terminated unless he accepted a settlement offer, and that First Horizon did terminate Boudoin's benefits with the knowledge that he was, nevertheless, entitled to them. If these allegations are true, then First Horizon's termination of benefits was clearly arbitrary and capricious and without probable cause. When an insurer engages in such conduct, it becomes subject to the imposition of penalties and attorney's fees pursuant to La. R.S. 23:1201(E) and La. R.S. 23:1201.2. See Physicians and Surgeons Hospital, Inc., supra, where we expressly held that there is no separate tort action for mental anguish when a compensation carrier refuses to pay a claim. Because both the employer and the insurer enjoy the same immunity from tort liability, this administrative penalty is the plaintiff's exclusive remedy.
The provisions for penalties and attorney's fees are part of the legislative compromise which governs the rights of employees and employers in work related accidents. To allow recovery in tort against a compensation carrier under a standard less than that of Steadman would upset the balance struck by this compromise by permitting tort damages where the legislature has determined that an administrative penalty is the plaintiff's appropriate remedy.
*1268 This approach is consistent with the reasoning adopted by Professor Larson, who writes in his workers' compensation treatise:
"It seems clear that a compensation claimant cannot transform a simple delay in payments into an actionable tort by merely invoking the magical words `fraudulent, deceitful and intentional' or `intentional infliction of emotional distress' or `outrageous' conduct in his complaint. The temptation to shatter the exclusiveness principle by reaching for the tort weapon whenever there is a delay in payments or a termination of treatment is all too obvious, and awareness of this possibility has undoubtedly been one reason for the reluctance of courts to recognize this tort except in cases of egregious cruelty or venality.

One final factor may be noted that has figured in many of these cases: the presence in the statute of an administrative penalty for the very conduct on which the tort suit is based. A majority of the courts have taken the view that this evidences a legislative intent that the remedy for delay in payments, even vexatious delay, shall remain in the system in the form of some kind of penalty."
2A Larson, Workmen's Compensation Law § 68.34(c) (1987), at 13-145.
While we agree with the trial judge's ruling that plaintiffs' petition does not state a cause of action against either the compensation carrier or the two adjusters, we believe the trial court should have given plaintiffs an opportunity to amend their petition pursuant to Louisiana Code of Civil Procedure article 934. Plaintiffs, however, will not cure the defect sustaining this peremptory exception by merely inserting the words "intentional" or "outrageous" in their petition. They must allege additional acts on the part of First Horizon or its agents which show outrageous conduct committed with the intent to cause mental anguish. We entertain serious doubts as to whether these plaintiffs will be able to meet this burden. Nonetheless, given the liberal interpretation of article 934, which favors the amendment of pleadings, we will give them this opportunity.
Accordingly, we affirm that part of the trial court's judgment which sustains the exception of no cause of action. However, we reverse that part which dismisses the suit, and we remand for the purpose of allowing plaintiffs an opportunity to amend their petition, in good faith and in accordance with this opinion, within a time period to be fixed by the trial court.
Costs of this appeal are assessed against appellants, Patrick and Melanie Boudoin.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.