h MAX N. TOBIAS, Jr., Judge.
This matter arises from the alleged wrongful discharge by an employer, defendant-appellee, Touro Infirmary (“Touro”), of its employee, the plaintiff-appellant, Shelia G. Bell (“Bell”). Bell appeals the final judgment of the trial court dated 21 December 1999 wherein the court maintained Touro’s motion for summary judgment and dismissed the action, with prejudice. Bell presents four assignments of eiTor, alleging that the court erred by: (1) finding that the termination was based on Bell’s failure to provide certain information; (2) finding that Bell was not similarly situated with various Caucasian employees who were not terminated under somewhat similar circumstances; (3) finding that Bell’s claim of intentional infliction of emotional distress was so weak as to meet the standard for dismissal on a motion for summary judgment; and (4) finding that the abuse of rights doctrine was inapplicable.
In her petition filed 16 December 1997, Bell described herself as a “forty-seven (47) year old black woman”, and asserted that she was employed by Touro from 1975 until on or about 6 August 1997 when she was discharged for failure to cooperate in an investigation. The underlying circumstances of that investigation | ..and ultimate discharge involved Bell’s custody (but not adoption) of a baby born at Touro.[1] The petition indicates that Touro requested additional information from her because it had been informed by some other source that the baby had been purchased by Bell.[2] Bell’s petition further states that Touro, through its vice-president of nursing, asked Bell to “provide them with detailed information regarding the progress of the adoption ... and failure to provide such information would result in ‘disciplinary action.’ ” Further, the record is uncontro-verted that Bell made no response whatsoever to Touro’s contacts and correspondence other than the single letter from her purported attorney dated 21 May 1999. That letter reflected the attorney’s very limited involvement with the situation, stating:
Please be advised that Ms. Shelia Bell contacted me months ago concerning the adoption of the minor, Baby Jane Doe. I have conducted a consultation with Ms. Bell concerning this adoption and it is my understanding that after the minor’s biological mother has completed the required counseling sessions, we will conduct the Voluntarily (sic) Surrender.
Apparently, a breakdown of communication between Bell and her purported attorney occurred. However, it does not appear from the record that there was ever any lack of communication between Bell and Touro. Touro sent a single written communication directly to the attorney but received no response. Thereafter, Touro sent three certified mail letters to Bell, stating:
[I]t is imperative that you show proof that a legal adoption is in fact in progress so we can finalize the investigation regarding the allegation of an alleged baby buying transaction.... Failure on your part to provide this information, to our satisfaction, may result in disciplinary action. [July 3, 1997]
*928 1 s[Y]ou have been placed on suspension from work due to your failure to provide the requested legal information that supports your claim that an adoption process is occurring. This suspension from work will remain effective until you provide me with this information. [July 14,1997]
You were placed on suspension ... due to your failure to provide the requested legal information that supports your claim that an adoption process is occurring. Since you have continued to ignore my request for this information... you are terminated from your employment at Touro Infirmary. [August 6, 1997]
Bell maintained that Touro’s proffered reason for termination of employment was pretextual, intended to conceal its intent of racial discrimination and/or infliction of emotional distress. Bell further maintained that Touro’s alleged intent to harm her was a violation of the “abuse of rights” doctrine. Bell provided no evidence of racial discrimination, disparate treatment, intent to inflict emotional distress or intent to harm. Bell filed nothing in opposition to the motion for summary judgment to indicate that she attempted to respond to Touro’s requests for information after her failed effort to secure the cooperation of an attorney. Bell’s opposition to Touro’s motion for summary judgment attached numerous exhibits, none of which refuted or justified her failure to respond to Touro’s requests.
The initial issue which concerned Touro was whether one of its employees had purchased a baby born under its care. Touro attempted to resolve its concern by addressing the employee directly. Admittedly, Touro could have taken other courses of action, such as turning the matter over to State authorities, but it is a matter of speculation as to whether Bell would have been better satisfied at the results of those efforts. However, the cause of Touro’s termination of Bell’s employment was not that she had allegedly purchased a baby. Rather, the cause of Bell’s termination was her failure to respond to Touro’s reasonable requests for information regarding her efforts to adopt the baby. Touro was justified and acted | responsibly by requesting information from its employer regarding a potential criminal violation that occurred on its premises.
Under Louisiana law, a person employed for an indefinite period is an employee “at will.” Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101, 1103-04 (La.1988). See also, La. C.C. art. 1778. An “at will” employee is free to quit at any time without liability to his or her employer and may be terminated at any time, provided the termination does not violate any statutory or constitutional provision. La. C.C. art. 2747; Mix v. University of New Orleans, 609 So.2d 958 (La.App. 4 Cir.1992), writ denied, 612 So.2d 83 (1992). Beyond that, the reasons for termination need not be accurate, fair or reasonable. Williams v. Delta Haven, Inc., 416 So.2d 637 (La.App. 2 Cir.1982). In fact, there need be no reason at all for termination. Simmons v. Westinghouse Electric Corporation, 311 So.2d 28 (La.App. 2 Cir.1975). Thus, Touro did not need a defensible reason for initiating the investigation of Bell or insisting upon compliance with its requests for information. However, Tou-ro’s request for information regarding allegations of an illegal act by its employee in the course of her employment is well within the purview of even the strictest employer-employee relationship. Such a request also furthers public policy as it helps assure the safety of the public. Touro made every effort to assure that Bell was aware of its desire for more information *929 regarding her custody and proposed adoption of the baby acquired by her during, and as a direct result of, her employment. Had Bell at least sent a letter in her own hand to Touro outlining what the situation was and what she knew of it, this may have been a sufficient effort for Touro’s purposes. Moreover, to prevent the granting of a summary judgment against Bell, such a simple action would have, at the very least, evidenced a good faith effort on her part to meet the stated needs of Touro.
|sSummary judgment is favored in Louisiana. La. C.C.P. art. 966. See also, Morales v. Davis Brothers Construction Co., Inc., 97-1648 (La.App. 4 Cir. 1/28/98) 706 So.2d 1048. Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgments are appropriate. If the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine issue as to a material fact, then the movers are entitled to summary judgment as a matter of law. A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. The burden of proof on a motion for summary judgment is on the mover. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). When a motion for summary judgment is made and supported, the opposing party may not rest on mere allegations or denials but must respond by affidavits or with other affirming evidence. Henderson v. Administrators of Tulane University of Louisiana, 426 So.2d 291 (La.App. 4 Cir.1983), writ denied, 433 So.2d 160 (1983). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden does not require it to negate all essential elements of the adverse party’s claim.
In the case at bar, Touro only needed to prove that Bell was an “at will” employee. In support of its motion for summary judgment, Touro presented the deposition testimony of Bell in which she confirmed that no written contract existed between her and Touro and further confirmed her awareness that she was being asked for information regarding her custody of the baby born at Touro and her awareness that failure to provide that information would result in termination of her employment. This shifted the burden to Bell to produce factual information | (^sufficient to justify a belief that she would be able to satisfy her evidentiary burden at trial.
Bell did not provide any plausible explanation for her failure to provide the information. Rather, she attacked Touro’s request as pretextual, opining that Touro was choosing to terminate her on the basis of race or in an effort to intentionally inflict emotional pain on her. Bell’s claims in that regard were, and are, unsubstantiated by the record before us. The only evidence offered by Bell was her own “gut feeling” that she was terminated on the basis of race. She failed to offer any evidence to even suggest that there had ever been any other similarly situated employees accused of “baby buying.” The only evidence Bell offered in support of her claim of intentional infliction of emotional distress was the testimony of her supervisor at Touro wherein the supervisor stated that she knew termination was difficult and that she knew Bell had a baby. This is insufficient to prove that Bell could prevail under the standard of White v. Monsanto Co., 585 So.2d 1205, 1209 (La.1991). Bell’s claim of abuse of rights is completely without support in the record before us.
*930 On motion for summary judgment, Bell failed to show that she had any information whatsoever to meet her evidentiary burden of proof at trial. Thus, the trial court was presented with no genuine issue of material fact. La. C.C.P. art. 966(C); Tucker v. American States Ins., 31,970 (La.App.2d Cir.9/22/99), 747 So.2d 620. Bell’s assignments of error are without merit.
Accordingly, we find that the trial court was correct in its determination that Touro was entitled to summary judgment as a matter of law.

AFFIRMED.

. Assuming custody of a child from its biological parent is not in violation of any Louisiana law.

. The purchase of a child is a violation of La. R.S. 14:286.