999 So.2d 1218 (2009)
Kathy ROSCOE, Plaintiff-Appellant
v.
Dan HASTINGS & Irwin Mortgage Corporation, Defendants-Appellees.
No. 43,942-CA.
Court of Appeal of Louisiana, Second Circuit.
January 14, 2009.
*1219 Robert T. Knight, for Appellant.
Hammonds & Sills, by Jon K. Guice, Baton Rouge, for Appellees.
Before GASKINS, PEATROSS and LOLLEY, JJ.
GASKINS, J.
The plaintiff, Kathy Roscoe, appeals from a trial court ruling which granted summary judgment in favor of Dan Hastings and dismissed her tort claims against him which arose out of alleged sexual harassment in the workplace. For the following reasons, we affirm.

FACTS
In August 2006, the plaintiff filed a petition for damages against Mr. Hastings and her former employer, Irwin Mortgage Corporation (Irwin). She claimed that Mr. Hastings was her supervisor at Irwin and that she suffered injuries from sexual harassment, was forced to work in a sexually charged atmosphere, and was subjected to a hostile work environment. She claimed entitlement to general and special damages and alleged that her damages were the result of the negligence and/or intentional acts by Mr. Hastings and Irwin. She further asserted that Irwin was liable for the actions of its employees through the doctrine of respondeat superior.
The plaintiff complained about various comments made to her by Mr. Hastings. Mr. Hastings contended that the plaintiff unjustly criticized the work habits of the company receptionist and was told that her complaints were unfounded. The plaintiff was warned to stop her behavior. She was asked to sign a written warning, but she refused. Instead, she resigned and filed the present suit.
In December 2007, Mr. Hastings filed a motion for summary judgment claiming that under the Louisiana Employment Discrimination Law (LEDL) contained in La. R.S. 23:301 et seq., a cause of action is allowed for sexual harassment only against an employer. He argued that he was not the plaintiff's immediate supervisor and was not her employer as defined in La. R.S. 23:302(2).[1]
*1220 The plaintiff also alleged that Mr. Hastings was liable under the theories of negligence and intentional tort. A hearing was held in March 2008 on the motion for summary judgment. At the hearing, the plaintiff conceded that Mr. Hastings was not her employer for purposes of a sexual harassment claim under the LEDL. The plaintiff argued that Mr. Hastings was liable on grounds of having committed an intentional tort. In order to fully address the claims regarding intentional tort, Mr. Hastings filed a supplemental memorandum in support of his motion for summary judgment after the hearing.
In June 2008, the trial court signed a judgment in favor of Mr. Hastings. The court found that the plaintiff was asserting an employment discrimination claim for sexual harassment as well as a wrongful termination claim against Mr. Hastings. Because Mr. Hastings was not the employer of the plaintiff, the trial court found that under the LEDL, the plaintiff did not have an employment claim. The trial court recognized that the plaintiff also sought to recover for negligence and intentional tort. The trial court found that the alleged tort arose out of the plaintiff's employment and negligence claims are barred by the provisions of the Workers' Compensation Act (WCA) contained in La. R.S. 23:1032.
The trial court recognized that intentional torts are not barred by the WCA. The trial court found that the plaintiff failed to show that she could prove an intentional tort, specifically, a battery or the intentional infliction of emotional distress. Based upon this reasoning, summary judgment was granted in favor of Mr. Hastings. The plaintiff appealed.

MOTION FOR SUMMARY JUDGMENT
The plaintiff argues that the trial court erred in granting summary judgment because there were genuine issues of material fact. This argument is without merit.

Legal Principles
In determining whether summary judgment is appropriate, appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is proper. Suire v. Lafayette City-Parish Consolidated Government, XXXX-XXXX (La.4/12/05), 907 So.2d 37. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(2) and (B).
The burden of proof remains with the movant. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's *1221 claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. White v. Golden, 43,076 (La.App. 2d Cir.4/30/08), 982 So.2d 234.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B); White v. Golden, supra.
In White v. Monsanto Co., 585 So.2d 1205 (La.1991), the Louisiana Supreme Court explained that a plaintiff seeking damages for intentional infliction of emotional distress must prove: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. See White v. Golden, supra.
Although recognizing a cause of action for intentional infliction of emotional distress in a workplace setting, this state's jurisprudence has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time. The distress suffered by the employee must be more than a reasonable person could be expected to endure. Moreover, the conduct must be intended and calculated to cause severe emotional distress, not just some lesser degree of fright, humiliation, embarrassment or worry. Clark v. Acco Systems, Inc., 39,532 (La.App. 2d Cir.4/6/05), 899 So.2d 783; White v. Golden, supra.
The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. White v. Monsanto Company, supra.

Discussion
The plaintiff conceded at the hearing and in her brief that Mr. Hastings is not her employer and therefore, she has no claim for sexual harassment against him under the LEDL. The plaintiff has not objected to the trial court's finding that any negligence claims she might have against Mr. Hastings are barred by the Workers' Compensation Act. The only issue before us for review is whether the trial court correctly granted summary judgment in favor of Mr. Hastings dismissing the plaintiff's claim for intentional infliction of emotional distress.
The plaintiff argues that the trial court improperly used summary judgment as a method to decide this case on the merits. She also contends that the trial court incorrectly made credibility determinations in making its ruling. The record does not support this claim.
The plaintiff cited specific examples of what she claims to be intentional infliction of emotional distress by Mr. Hastings. She asserts that Mr. Hastings made *1222 graphic sexual comments to her, remarked on her relationship with her husband, called her a b____ on numerous occasions, and allowed co-employees to make derogatory remarks to her. She alleges that she complained to her supervisor, but got no relief.
The plaintiff's deposition testimony shows that the actions complained of happened between the years 2003 and 2005. The plaintiff stated that she did not have much contact with Mr. Hastings in the two years prior to the time she left her employment with Irwin. The plaintiff's deposition and that of a coworker also show that the plaintiff engaged in behavior not unlike that of which she complains. The plaintiff made no showing that she was severely distressed by the conduct or that she ever complained of the conduct. She did not seek professional help for her distress and in fact, after she resigned, made efforts to be reinstated to her job at Irwin.
Given the remoteness in time of the acts complained of by the plaintiff, as well as the plaintiff's own behavior which demonstrates that she was not particularly distressed by the actions when they occurred, the plaintiff simply failed to demonstrate that the acts of which she complains constituted the intentional infliction of emotional distress. The plaintiff has not shown that the matters alleged in this case rose to the level of being so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. The items set forth by the plaintiff are more in the nature of mere insults, indignities, annoyances, petty oppressions, or other trivialities.
We also find no merit to the plaintiff's claim that the trial court improperly made credibility determinations in granting summary judgment in favor of Mr. Hastings. On appeal, the plaintiff argues that, by stating that it did not believe that the plaintiff could carry her burden of proof at trial regarding intentional tort, the trial court improperly made a finding of fact in granting summary judgment.
On a motion for summary judgment, the mover's burden of proof is to point out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. In such a case, summary judgment in favor of the mover is proper. The record shows that the trial court properly applied this standard in deciding the motion for summary judgment.
Further, the trial court was not faced with a credibility determination in this case, but rather made its ruling based upon a record which showed that the plaintiff could not establish factual support for her claim of intentional infliction of emotional distress.
Based upon this record, the trial court did not err in rendering summary judgment in favor of Mr. Hastings, rejecting the plaintiff's claims against him.

CONCLUSION
For the reasons stated above, we affirm the trial court ruling granting summary judgment in favor of the defendant, Dan Hastings, and rejecting the demands of the plaintiff, Kathy Roscoe. All costs in this court are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] La. R.S. 23:302(2) provides in pertinent part:

For purposes of this Chapter and unless the content clearly indicates otherwise, the following terms shall have the following meanings ascribed to them:
....
(2) "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. "Employer" shall also include an insurer, as defined in R.S. 22:5, with respect to appointment of agents, regardless of the character of the agent's employment....