# IN THE COURT OF APPEALS OF IOWA

No. 17-0631
Filed July 18, 2018


**DAYLE EDEN,**
     Plaintiff-Appellant,

**vs.**

**VAN BUREN COUNTY SHERIFF'S DEPARTMENT and VAN BUREN COUNTY, IOWA,**
     Defendants-Appellees.
_____

     Appeal from the Iowa District Court for Van Buren County, Mary Ann Brown,

Judge.


     A former county employee appeals the grant of summary judgment in her wrongful

termination suit.  **AFFIRMED.**



     Curtis R. Dial of Law Office of Curtis Dial, Keokuk, for appellant.

     Carlton G. Salmons of Macro & Kozlowski, L.L.P., West Des Moines, for appellees.



     Heard by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

A former employee of the Van Buren County Sheriff's Department challenges the district court's grant of summary judgment on her claim for wrongful discharge in violation of public policy. The employee alleges the sheriff provided pretextual reasons for firing her, and his actions violated public policy. Pretext or not, we conclude the employee's failure to show participation in a protected activity is fatal to her claim of wrongful discharge, and the district court was correct in granting the employer's motion for summary judgment.

## I. Facts and Prior Proceedings

Dayle Eden worked for Van Buren County from 1988 until she was fired by Sheriff Dan Tedrow on July 30, 2015. In a letter delivered to Eden that day, Tedrow identified three acts to "justify the termination of [Eden's] employment." He accused Eden of the following: (1) establishing a private password on the Van Buren County computer system; (2) intentionally keeping confidential records at her home; and (3) intentionally deleting computer files and an internet search history from a department computer. Tedrow further alleged Eden's actions were deceitful and intended to hide misconduct, which compromised her ability to handle confidential matters.

Eden sued the Van Buren County Sheriff's Department and Van Buren County (collectively, the county) on September 14, 2015, alleging Tedrow falsified the evidence cited in the July 30 letter to justify her wrongful termination. On January 15, 2016, Eden filed an amended petition claiming wrongful discharge from employment.[1] The county moved for summary judgment on the wrongful-discharge claim on May 11, stating Eden

---

[1] The other count of the amended petition alleged defamatory conduct by the sheriff.

was an at-will employee who could be terminated at any time for any reason. The county argued the discharge of an employee for specified reasons and not solely at the employer's discretion is within the recognized scope of the employment at-will rule.

In her response, Eden claimed her discharge was not appropriate under the employment at-will rule because she had been terminated for reasons violating Iowa public policy. Eden asserted Sheriff Tedrow falsified evidence as justification for firing her. This falsification, Eden argued, violated the "communal conscience" and public policy of the State of Iowa in "matters of public health, safety, and general welfare."

After hearing argument from the parties, the district court denied the county's motion for summary judgment stating, "If in fact a jury were to determine that documents were falsified, this would be a clear violation of public policy," and finding material facts in dispute barring the case from being decided as a matter of law.

Before a jury trial began, the case was assigned to a different judge who revisited the motion for summary judgment. The district court determined for the lawsuit to continue, "The employee must have engaged in activity compelling the need for protection from wrongful discharge." Unable to identify Eden's participation in any activity which would warrant protection from termination, the court granted the county's motion for summary judgment and dismissed the wrongful discharge claim.[2]

Eden voluntarily dismissed the remaining defamation claim and appealed the district court's summary judgment order. The supreme court transferred the case to us.

---

[2] The county moved to dismiss this appeal based on references to matters outside the record, specifically the judicial review order in Eden's employment appeal board case. After Eden filed an amended proof brief, the supreme court denied the motion to dismiss. The county renews its motion to dismiss on appeal. We find a more appropriate remedy in striking any reference to the district court's judicial review findings and take no notice of the judicial review in reaching our decision.

**II.      Scope and Standard of Review**

We review a district court's grant of summary judgment for correction of legal error. Iowa R. App. P. 6.907; *Theisen v. Covenant Med. Ctr., Inc.*, 636 N.W.2d 74, 78 (Iowa 2001). Summary judgment is appropriate where the entire record shows no genuine issues of material fact. Iowa R. Civ. P. 1.981(3); *Theisen*, 636 N.W.2d at 78. We view the record in a light most favorable to the nonmoving party. *Lloyd v. Drake Univ.*, 686 N.W.2d 225, 228 (Iowa 2004).

**III.      Analysis**

Eden does not dispute she was an at-will employee in the Van Buren County Sheriff's Department. Iowa's doctrine of at-will employment allows an employer to fire an employee who is not under contract at any time for any lawful reason. *Theisen*, 636 N.W.2d at 79. So Eden's argument her firing was unlawful must fit within an exception to the at-will employment doctrine. Specifically, Eden argues the county violated public policy by terminating her employment.

Iowa law allows a cause of action when the employer's discharge of an employee violates a well-recognized and defined public policy of the state. *See Springer v. Weeks & Leo Co.*, 429 N.W.2d 558, 560 (Iowa 1988). To successfully plead the county violated public policy, Eden must show all of the following:

> (1) The existence of a clearly defined public policy that protects an activity.
> (2) This policy would be undermined by a discharge from employment.
> (3) The challenged discharge was the result of participating in the protected activity.
> (4) There was lack of other justification for the termination.

*See Lloyd*, 686 N.W.2d at 228.

The public policy exception to the employment-at-will doctrine is narrow and intended to balance the rights of the individual with the rights of others and the public at-large. *Jasper v. H. Nizam, Inc.*, 764 N.W.2d 751, 762-63 (Iowa 2009). A statutorily protected activity must be the basis of a claim of wrongful-discharge in violation of public policy. *Id.* at 762. Protected activities generally fall into four categories: (1) exercising a statutory right or privilege; (2) refusing to commit an unlawful act; (3) performing a statutory obligation; or (4) reporting a statutory violation. *See id.*; *see also Ackerman v. State*, ___ N.W.2d ___, ___, 2018 WL 2999690, at *3 (Iowa 2018).

Public policy supporting a claim of wrongful discharge must either state or clearly imply the activity responsible for the employee's firing is protected in the workplace. *Jasper*, 764 N.W.2d at 765. Further, a court may not provide public policy protection to an activity the legislature has not identified under a statutory scheme. *Id.* at 766.

To prevail on her wrongful discharge claim, Eden must show she was engaged in some activity warranting protection from an adverse employment action. *See Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 898 (Iowa 2015) ("[T]he plaintiff must show the *protected conduct* was the determining factor in the adverse employment action." (emphasis added)); *Fitzgerald v. Salsbury Chemical, Inc.*, 613 N.W.2d 275, 287 (Iowa 2000) (recognizing a dismissed employee must engage in conduct related to public policy before the discharge can undermine that public policy). Our supreme court has also recognized the need to protect employees who refuse to engage in activity which would violate an established public policy. *See Fitzgerald*, 613 N.W.2d at 286 (concluding the statutory public policy against committing perjury is sufficient to support protection to

provide truthful testimony). The common focus in both determinations is the nature of the employee's activity or conduct.

The county argues Eden was fired for misconduct. Eden denies misconduct and claims the sheriff invented pretextual reasons for firing her.[3] Often a dispute regarding an employee's actions or inferences drawn from an employee's conduct is a question of fact and must be resolved by the jury. *Id.* at 289. But Eden's assertion the sheriff relied on pretext to justify her discharge is not the same as showing the employer's action infringed on her performance of a statutorily protected activity. *See Teachout v. Forest City Comm. Sch. Dist.*, 584 N.W.2d 296, 301 (Iowa 1998) (holding an employer's action must "have the effect of discouraging" publicly protected employee behavior).

Eden's counsel acknowledged at oral argument Eden was not terminated for participating in a protected activity but nevertheless insists the sheriff acted improperly by misrepresenting his reasons for firing her. Stated differently, Eden essentially contends the county breached a covenant of good faith and fair dealing when it fired her. Iowa does not recognize a breach of good faith and fair dealing as an exception to at-will employment. *See Fitzgerald*, 613 N.W.2d at 281; *Phipps v. IASD Health Servs. Co.*, 558 N.W.2d 198, 204 (Iowa 1997). Under the facts presented and viewed in a light most

---

[3] Other jurisdictions have decided pretextual reasons by themselves are not sufficient to warrant protection of at-will employees under the public-policy exception. *See, e.g.*, *Wisehart v. Meganck*, 66 P.3d 124, 128 (Colo. Ct. App. 2002) ("[L]aw will not punish a party for doing by misdirection that which it has a right to do forthrightly." (citation omitted)); *Andress v. Augusta Nursing Facilities, Inc.*, 275 S.E.2d 368, 369 (Ga. Ct. App. 1980) ("[A]llegations as to improper motive for firing . . . are legally irrelevant and present no genuine issues of material fact." (citations omitted)); *Clark v. Acco Systems, Inc.*, 899 So. 2d 783, 787 (La. Ct. App. 2d Cir. 2005) (holding employer's reasons for termination immaterial in an at-will employment setting so long as termination was not otherwise illegal under federal or state law); *Mackenzie v. Miller Brewing Co.*, 623 N.W.2d 739, 750 (Wis. 2001) (finding at-will employment may be terminated for "good cause, no cause, or morally wrong cause" without exposing the employer to liability under tort law).

favorable to Eden, her contentions do not generate a material question of fact. *See* Iowa R. Civ. P. 1.981(3); *accord Linn v. Montgomery*, 903 N.W.2d 337, 342 (Iowa 2017) ("A genuine issue of material fact exists when reasonable minds can differ as to how a factual question should be resolved." (citation omitted)).

Because Eden fails to show she participated in any activity warranting protection, she fails to generate a material question whether her termination violated a public policy. The district court was correct in granting the motion for summary judgment.

**AFFIRMED.**